UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-01566-SB-AGR | Date: | March 11, 2022 |
|---|---|---|---|

| Title: | *Rick Hawthorne v. Irwin Jacobowitz et al.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION

   Plaintiff Rick Hawthorne filed an unlawful detainer action in state court against his tenants, Defendants Irwin and Pearl Jacobowitz. The complaint does not reference any federal law and specifies that Plaintiff's demand does not exceed $10,000. Dkt. No. 1 at 12 of 67. Defendants, along with Dakota, Arizona, and Montana Jacobowitz, nevertheless removed the case *pro se*, invoking the Court's federal-question jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1.

   Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue *sua sponte* at any stage of the proceedings. *See* Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also* Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

Under the "well-pleaded complaint rule," § 1331 confers federal-question jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's unlawful detainer complaint does not reference any federal laws. Nor does there appear to be any other basis for federal jurisdiction. Accordingly, Defendants are **ORDERED** to show cause, in writing, by no later than **March 21, 2022**, why this case should not be remanded for lack of subject-matter jurisdiction.

**IT IS SO ORDERED**.