JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-01566-SB-AGR | Date: | March 22, 2022 |
|---|---|---|---|

| Title: | Rick Hawthorne v. Irwin Jacobowitz et al. |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** ORDER OF REMAND

Plaintiff Rick Hawthorne filed an unlawful detainer action in state court against his tenants, Defendants Irwin and Pearl Jacobowitz. Defendants, along with Dakota, Arizona, and Montana Jacobowitz, removed the case *pro se*, invoking the Court's federal-question jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1. The Court on March 11, 2022 observed that there appeared to be no basis for federal jurisdiction and ordered Defendants to show cause why the case should not be remanded for lack of subject-matter jurisdiction.

Defendants filed a response, in which they ask the Court not to dismiss the action. Dkt. No. 14. Defendants discuss various issues related to the facts of their case, but they do not show that Plaintiff's complaint references or relies on any federal law. Under the "well-pleaded complaint rule," § 1331 confers federal-question jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). That various federal housing programs for veterans may apply to Defendants, as they contend, does not transform Plaintiff's state law unlawful

detainer action into a federal claim.  Nor have Defendants shown any other basis for federal subject-matter jurisdiction.

  Because this Court lacks subject-matter jurisdiction, it is **ORDERED** that this action is **REMANDED** to state court.